OPINION
On February 9, 1995, appellant, Larry Jones, pled guilty to one count of theft and one count of grand theft. On February 13, 1995, appellant pled guilty to an additional count of grand theft. By judgment entries filed February 13, 1995, the trial court sentenced appellant to a total term of two and one half years in prison.
On June 6, 1995, the trial court granted appellant shock probation. One of the conditions of probation was for appellant to complete the Crossroads Center for Change treatment program.
On March 20, 1996, Probation Officer Heidi Swetel informed the trial court of numerous probation violations namely, appellant's failure to successfully complete the Crossroads program. By journal entry filed April 15, 1996, the trial court reimposed appellant's prison sentence after appellant had pled guilty to the probation violations.
On May 10, 1996, appellant filed a motion for jail time credit specifically, appellant sought credit for his time spent in the Crossroads program. By judgment entry filed May 21, 1996, the trial court denied said motion.
By opinion and judgment entry filed August 8, 1997, this court remanded the trial court's decision for a determination as to whether appellant's participation in the Crossroads program was "confinement" pursuant to R.C. 2949.08(C). See, State v. Jones
(August 8, 1997), Richland App. No. 96-CA-114, unreported. The trial court conducted a hearing on September 22, 1997. By judgment entry filed November 12, 1996, the trial court again denied jail time credit.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT'S DECISION THAT DEFENDANT/APPELLANT WAS NOT "CONFINED" IS CONTRARY TO THE EVIDENCE.
 I
Appellant claims the trial court's finding that he was not "confined" when he spent time in the Crossroads program as a condition of his probation was not supported by the evidence. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellant argues because his participation in the Crossroads program was hardly "voluntary" i.e., it was a condition of his probation, said participation should be considered "confinement" for purposes of R.C. 2949.08(C). Said section states as follows:
 (C) The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence.
Appellee, the State of Ohio, argues the case of State v.Nagle (1986), 23 Ohio St.3d 185, is controlling sub judice. InNagle at the syllabus, the Supreme Court of Ohio held as follows:
 When a defendant's sentence has been suspended and he has been placed on conditional probation pursuant to R.C. 2951.04 and later violates the terms of such probation, the trial court is not required to credit time spent in a rehabilitation facility against any sentence originally imposed.
The Nagle court reached this conclusion by first construing "confinement":
 Examination of R.C. 2949.08(C) shows the legislative view of confinement includes `confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where is to serve his sentence.' It is instructive to note that in none of these specified circumstances may the defendant leave official custody of his own volition. In contrast, the rehabilitation facility imposed restrictions upon appellee's freedom of action to the extent communications with family or friends were restricted or monitored. Yet, appellee's freedom of movement was not so severely restrained, i.e. he indeed did voluntarily depart the facility.
 Id. at 186-187.
On June 6, 1995, the trial court granted appellant shock probation and ordered appellant to participate in the Crossroads program, a program similar to the facts in Nagle. The Crossroads program was described as follows:
 A. Well, we're a six-months residential drug and alcohol treatment program. We also provide vocational education. It's a very, somewhat relaxed atmosphere. There are no bars on the windows. It's not a lock-down facility. We have a recreation program as well. They attend 12-steps meetings outside of the facility and inside the facility. * * * After a certain time period, usually 14 days, after they have met some of the criteria, they may be eligible for a four-hour pass. After thirty days they're eligible for a 12-hour pass. Provided that members, or whomever they would be taking that pass with, have met with that clinician who is assigned to their case.
September 22, 1997 T. at 6.
The residents of the Crossroads program are referred to as "clients" and are immediately allowed family visits. Id. at 7. The residents are not restricted within the facility, are subjected to a lights-out time, are permitted to smoke and may seek employment after the first fourteen days. Id. at 7-8. In order to secure employment, residents are permitted to have job search passes. Id. at 8. Residents are also permitted to have passes to attend outside meetings and for leisure, i.e., go shopping, have dinner, see a movie. Id.
Given the description of the Crossroads program, we find the trial court did not err in determining appellant was not "confined" for purposes of R.C. 2949.08(C).
The sole assignment of error is denied.
The judgment the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.